NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., A Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSCOMMON INDIANA, LLC, an Indiana Limited Liability Company; DAMIAN PETTINELLI, an individual; and JACK HARTNETT, an individual<br><br>Defendants. | Civil Action No.: 13-4246 (CCC) (MF)<br><br>OPINION |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Plaintiff Ramada Worldwide Inc. ("RWI" or "Plaintiff") for entry of Final Judgment by Default against Defendants Roscommon Indiana, LLC ("Roscommon"), Damian Pettinelli ("Pettinelli"), and Jack Hartnett ("Hartnett") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 9). Plaintiff filed the Complaint in this action on July 11, 2013. (ECF No. 1). Plaintiff served defendant Jack Hartnett by personally serving him in Bridgewater, Massachusetts on August 22, 2013. Couch Supp'l Cert. ¶ 5 (citing ECF No. 5). After diligent efforts to locate defendants Roscommon Indiana, LLC and Damian Pettinelli failed, Plaintiff served the Summons and Complaint on these defendants via regular mail and certified mail, return receipt requested on September 4, 2013. Couch Supp'l Cert. ¶¶ 8-11, Exs. D, E. The time for Defendants to answer or otherwise respond to the Complaint has expired. See Fed. R. Civ. P. 12(a). Pursuant to Federal

Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on October 10, 2013. Plaintiff served Defendants with notice of the motion for default judgment on October 10, 2013. Couch Cert. ¶ 10, Ex. C (ECF No. 9). Defendants have failed to appear and no opposition has been filed.

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00. Defendants consented to personal jurisdiction and venue in this Court and in New Jersey state courts in the franchise agreement between Roscommon and RWI ("Franchise Agreement"), and the Guaranty of Hartnett's and Pettinelli's obligations under the Franchise Agreement ("Guaranty"), signed by Hartnett and Pettinelli. Compl. ¶ 7, Ex. A; Compl. ¶ 8, Ex. C.

Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). In addition, "[b]efore imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

The Complaint sufficiently states a cause of action for breach of contract "by alleging that Defendants entered into a valid franchise agreement with Plaintiff, that Defendants breached this agreement, and that Plaintiff suffered resulting damages." Super 8 Worldwide, Inc. v. Aksar Corp.,

2

No. 14-1037, 2014 WL 4613664, at *9 (D.N.J. Sept. 15, 2014) (citing Coyle v. Englander's, 199 N.J. Super. 212, 223, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)); Howard Johnson v. Patel, No. 11-918, 2011 WL 218575, at *3 (D.N.J. May 31, 2011). Plaintiff alleges that Defendants entered into the Franchise Agreement with RWI and failed to perform its obligations (1) to pay liquidated damages triggered by Defendants' unilateral termination of the Franchise Agreement and (2) to make payments of "Recurring Fees" as required under the Franchise Agreement. Compl. ¶ 45. Plaintiff further alleges that Defendants Pettinelli and Hartnett failed to perform their obligations under the Guaranty to "make any payments or perform or cause Roscommon to perform each obligation required under the Franchise Agreement." Compl. ¶ 53. Plaintiff allegedly suffered damages resulting from the breach, including the "Recurring Fees" owed to Plaintiff under the Franchise Agreement and liquidated damages owed to Plaintiff as a result of Defendants' default and the resulting premature termination of the Franchise Agreement. Compl. ¶¶ 38, 42, 50.

In addition to supporting an action for breach of contract, the facts support Plaintiff's claim of unjust enrichment, as Plaintiff "conferred a benefit on defendant that enriched defendant beyond its contractual rights" and "retention of that benefit without payment would be unjust." Cooper v. Samsung Electronics America, Inc., No. 07-3853, 2008 WL 4513924, at *9 (D.N.J. Sept. 30, 2008) (citing VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554, 641 A.2d 519, 526 (1994)).

Further, given that Defendants have failed to appear or plead in this action and that Plaintiff has provided evidence of Defendants' entry into and breach of the Franchise Agreement and Guaranty, the Court finds no basis for Defendants to claim a meritorious defense. See Jackson Hewitt v. Gleason, No. 13-510, 2013 WL 6384650, at *2 (D.N.J. Dec. 6, 2013); cf. Emasco, 834 F.2d at 72 (holding that district court was required to consider whether defendant's proffered

answer raised meritorious defense). Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where Defendants have failed to respond, there is a presumption of culpability. See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Therefore, the Court finds that default judgment is proper at this time.

The allegations in Plaintiff's Complaint regarding damages are not treated as true upon entry of a default judgment. Boards of Trustees of Operating Engineers Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., No. 06-1795, 2006 WL 3308578, at **3-4 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where 'the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. (internal quotations omitted). In this case, Plaintiff has submitted evidence adequate to support its request for damages and for reasonable attorneys' fees and costs. See Couch Cert. ¶¶ 13, 16-17, Exs. D, E, and F.

For the reasons described herein, Plaintiff's motion for default judgment is hereby granted. Default judgment shall be entered, and Defendants shall be ordered to pay the total amount of $408,137.78, comprised of recurring fees and liquidated damages, including prejudgment interest, attorneys' fees and costs. An appropriate Order accompanies this Opinion.

DATED: October 28, 2014

_____
CLAIRE C. CECCHI, U.S.D.J.

4